UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x  NOT FOR PUBLICATION
LARRY W. WALKER,

                            Plaintiff,                  MEMORANDUM
                                                AND ORDER
    -against-                                    07-CV-1543 (JG)(LB)

City of New York, 75th Pct., New York Police
Department, 2 Unknown Police Officers,

                         Defendants.
------------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        Larry W. Walker, currently incarcerated at Rikers Island Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that on February 17, 2007, two unknown police officers from the 75th Precinct used excessive force and denied him medical attention. Complaint at 3, ¶ II(D). I grant plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismiss the complaint in part, and direct the Corporation Counsel for the City of New York to assist the Court in identifying the two unknown police officers.

BACKGROUND

        Walker alleges: "[O]n the night of 2-17-07 police arrived on New Lots and I was beaten uncon[s]cious and upon coming to I had severe pain in my left leg, was denied medical attention until the Dept of Corrections refuse to accept the[n] taken to Long Island College hospital w[h]ere it was discovered I had suffered a broken left ankle, and a severely bruised right eye." Compl. 3, ¶ II(D). Walker seeks damages in the amount of $10 million against defendants the City of New York, the 75th Precinct, the New York City Police Department and two unknown police officers. Compl. 1.

DISCUSSION

A. *Standard of Review*

28 U.S.C. § 1915A(b) requires me to review a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (prisoner RICO lawsuit against federal appellate judges and federal prosecutor properly dismissed as frivolous, malicious and failed to state a claim under § 1915A). A claim is frivolous if it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted). Because plaintiff is proceeding *pro se,* his papers must be read liberally and interpreted as raising the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* The claims against the City of New York, the New York City Police Department and the 75th Precinct are hereby dismissed as set forth below.

B.  *City of New York - Municipal Liability*

In order to state a claim against the City of New York, plaintiff must allege that the constitutional violations resulted from a municipal policy or custom. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 124-25 (2d Cir. 2004). "Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees." *Amnesty America*, 361 F.3d at 125. *Respondeat superior* cannot be used to establish municipal liability under § 1983. *Monell*, 436 U.S. at 694. A plaintiff is required to allege both the existence of a policy or custom and a causal connection between that policy and the unconstitutional conduct. *Perez v. City of New York*, No. 97 CV 2915, 2002 WL 398723, at *2 (E.D.N.Y. Mar. 14, 2002). Here, there are no facts alleged in the complaint to support a claim against the City of New York. Even liberally construing plaintiff's claim, nothing suggests that the alleged constitutional violations were attributable to any municipal policy or custom. Thus, I dismiss the complaint against the City of New York pursuant to 28 U.S.C. § 1915A(b).

B.  *New York City Police Department and 75th Precinct*

Furthermore, the complaint cannot proceed against the New York City Police Department ("NYPD") or the 75th Precinct. The NYPD and the 75th Precinct are agencies of the City of New York and cannot be sued independently under § 1983. *Lauro v. Chase*, 219 F.3d 202, 205 n.2 (2d Cir. 2000); *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); *Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996). The New York City Charter provides that [a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and

not that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396. Therefore, Walker's claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915A(b).

C.   *Identifying Two Unknown Police Officers*

Because plaintiff does not know the names of the two police officers who allegedly assaulted him and failed to provide him with medical attention for his injuries, the complaint cannot be served upon these defendants at this time. Accordingly, the Clerk of Court is hereby directed to send a copy of this Order and the complaint to the Corporation Counsel of the City of New York and to plaintiff. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), I request that Corporation Counsel ascertain the full names of the two police officers from the 75th Police Precinct involved in the events alleged to have occurred by plaintiff on the night of February 17, 2007. Corporation Counsel is also requested to provide the addresses where these defendants can be served. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants. The Corporation Counsel of the City of New York is hereby requested to produce this information within 45 days of the date of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the two police officers. A summons shall then be issued and the court shall direct service on these defendants.

CONCLUSION

Accordingly, the complaint is dismissed as to the City of New York, the New York City Police Department and the 75th Precinct pursuant to 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants.

4

The complaint shall proceed with regard to plaintiff's claims against the two unknown police officers employed at the 75th Precinct on February 17, 2007 and service of process shall be made on these defendants upon receipt of the information requested by the Corporation Counsel for the City of New York. This matter is referred to the Honorable Lois Bloom, United States Magistrate Judge, for all pretrial proceedings.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

So ordered.

_____
John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
      May 4, 2007